IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DARLENE C. MASSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3297 |
| | ) | |
| MICHAELS STORES, INC., and | ) | |
| NABCO ENTRANCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Defendant Michaels Stores, Inc. to Dismiss Count Two of the Plaintiff's Complaint.

Plaintiff Darlene C. Massa filed a four-count Complaint asserting various claims against Defendants Michaels Stores, Inc., and Nabco Entrances. The action was filed in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, and removed by Defendant Michaels Stores, Inc. to this Court on August 23, 2013.

Following removal, Defendant Michaels Stores, Inc. filed a Motion to Dismiss Count Two of the Complaint.

# I. BACKGROUND

According to the Complaint, the Plaintiff was injured when she was struck and knocked to the ground when a set of automatic electronic entry doors at a Michaels Store, closed on her unexpectedly and without notice, causing her to fall and sustain injuries. The store is operated by Defendant Michaels Stores, Inc. ("Michaels") and is located at 3119 South Veterans Parkway, Sangamon County, Springfield, Illinois.

In Count One, the Plaintiff asserts a negligence claim based on premises liability against Michaels. In Count Two, the Plaintiff alleges a claim based on *res ipsa loquitur* against Michaels.

In Count Three, the Plaintiff asserts strict product liability claims, based on manufacturing and design defects, against Defendant Nabco Entrances, Inc. ("Nabco"). In Count Four, she asserts a negligence claim against Nabco.

# II. DISCUSSION

A "complaint must contain allegations that state a claim to relief that is plausible on its face." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665 (7th

Cir. 2013) (internal quotation marks omitted). The Court considers all well-pleaded factual allegations to be true and interprets them in a light most favorable to the non-movant. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). "[T]he complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Alam*, 709 F.3d at 666 (internal quotation marks and citations omitted).

The Motion of Michaels to Dismiss Count Two is based on its assertion that *res ipsa loquitur* does not apply. The doctrine "allows a plaintiff to prevail in a negligence case by showing that even if there is no direct evidence of negligence, the circumstances of the accident indicate that it probably would not have occurred had the defendant not been negligent." *Aguirre v. Turner Const. Co.*, 582 F.3d 808, 810-11 (7th Cir. 2009) (applying Illinois law).

A prima facie case of negligence, based on *res ipsa loquitur*, requires a plaintiff to establish: (1) the occurrence is one that ordinarily does not occur in the absence of negligence; and (2) by an instrumentality under the

management or control of the defendant. *See Dyback v. Weber*, 114 Ill.2d 232, 242 (1986). However, it is not necessary to establish that a defendant had *exclusive* control over the item in order for the doctrine to apply. *See Aguirre*, 501 F.3d at 831 (citing *Lynch v. Precision Mach. Shop, Ltd.*, 93 Ill.2d 266, 273-74 (1982) (emphasis in original)). The key question is whether the injury was of the type that defendant would have had a duty to the plaintiff to anticipate or guard against. *See id*.

Michaels contends that, based on the strict liability and negligence claims asserted against Nabco, it is apparent that operation of the electronic doors at issue was not within the exclusive control of Michaels at the time of the Plaintiff's accident. The doors were designed, manufactured, serviced and maintained by Nabco, suggesting that the doors were not under the exclusive control of Michaels.

Because exclusive control is not always required in order to invoke the doctrine of *res ipsa loquitur*, the Court declines to dismiss Count Two on that basis.

Moreover, Michaels contends that *res ipsa loquitur* is inapplicable

4

because the allegations do not support a single inference that the accident would not have happened unless it was negligent. Accordingly, Michaels asserts the doctrine of *res ipsa loquitur* does not apply.

The Federal Rules of Civil Procedure authorize a party to plead alternative statements of a claim and inconsistent theories of liability. Rule 8(d)(2) provides in part, "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Additionally, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

Even though the Plaintiff has asserted theories of relief that could be interpreted as being at odds with one another, the Court declines to dismiss Count Two because parties are permitted under the Federal Rules to assert inconsistent theories.

Ergo, the Motion of Defendant Michaels Stores, Inc. to Dismiss Count Two of the Plaintiff's Complaint [d/e 5] is DENIED.

This action is referred to United States Magistrate Judge Byron G.

Cudmore for the purpose of scheduling a discovery conference.

ENTER: November 7, 2013

        FOR THE COURT:

                                      *s/Richard Mills*
                                      Richard Mills
                                      United States District Judge